```
 1 | DAVID A. ORTIZ, ATTORNEY NO. 167587
   | UNITED STATES DEPARTMENT OF JUSTICE
 2 | OFFICE OF THE UNITED STATES TRUSTEE
   | 402 WEST BROADWAY, SUITE 600
 3 | SAN DIEGO, CA 92101-8511
   | (619) 557-5013
 4 |
 5 | Attorney for
   | STEVEN JAY KATZMAN
 6 | UNITED STATES TRUSTEE
 7 |
```

UNITED STATES BANKRUPTCY COURT

Southern District of California

| In Re: | ) | Case No. 06-00198-B7 |
|---|---|---|
| PAUL HUPP, | ) ) ) ) ) ) ) ) ) ) | UNITED STATES TRUSTEE'S MOTION FOR ORDER IMPOSING FINES PURSUANT TO 11 U.S.C. § 110<br><br>DATE: JULY 17, 2006<br>TIME: 10:30 A.M.<br>DEPT: FOUR |
| Debtor. | ) | ROOM: 328 |

COMES NOW, the United States Trustee, by and through counsel, and respectfully submits the following Motion for Order Imposing Fines Pursuant to 11 U.S.C. § 110 ("Motion"). In support thereof, the United States Trustee provides the following:

**FACTUAL BACKGROUND**

1. On February 8, 2006, the debtor filed a petition for relief under Chapter 7, Title 11 of the United States Code. Relief was granted on even date.

2. The debtor's petition for relief indicates it was filed in pro per. Commencing in January 2006, the debtor utilized the services of an individual named Gordon L. Gooch to prepare the documents filed in the instant case. See Transcript of 11 U.S.C. § 341(a) Meeting of Creditors at 3, lines 10-23, attached as

1 | Exhibit "1" to the Declaration of David Ortiz in Support of the
2 | United States Trustee's Motion to Impose Fines Pursuant to 11
3 | U.S.C. § 110 ("Ortiz Declaration").
4 |     3.   The debtor found Mr. Gooch through a "Google" search
5 | over the Internet. Id. The debtor paid $125 for the document
6 | preparation services. See Declaration Under Penalty of Perjury
7 | for Debtors Without an Attorney, attached to the Ortiz
8 | Declaration as Exhibit "2". Mr. Gooch is not an attorney
9 | licensed to practice law in the State of California. Ortiz
10 | Declaration at 2, ¶6.
11 |     4.   Neither the petition, schedules, statement of financial
12 | affairs, statement of intention, nor Notice to Individual
13 | Consumer Debtor under § 342(b) of the Bankruptcy Code ("Official
14 | Form B201") filed in the case contain the certifications and
15 | signatures of a non-attorney bankruptcy petition preparer, as
16 | required by 11 U.S.C. § 110[1]. Nor do any of the documents
17 | prepared and filed in the case disclose Mr. Gooch's social
18 | security number.
19 |     5.   All documents and papers prepared and sent to the
20 | debtor by Mr. Gooch were filed with the Court. Id. at Exhibit 5,
21 | lines 2-4. A review of Court's docket reveals that Mr. Gooch
22 | failed to provide to the debtor the required Notice to Debtor by
23 | Non-Attorney Bankruptcy Petition Preparer ("Official Form 19B").
24 | Id. at 2, ¶8.

---

[1] Pursuant to Fed. R. Evid. 201, the United States Trustee respectfully requests that the Court take judicial notice of the petition for relief, schedules A through J and the declaration regarding schedules, the statement of financial affairs and the declaration regarding statement of financial affairs, the statement of intention, and Form B201 filed in the instant case (all found at court docket number 1).

2

6. The declaration concerning schedules, declaration concerning statement of financial affairs, the statement of intention, and Official Form B201 prepared for filing in the instant case are all modified to remove therefrom the section wherein the bankruptcy petition preparer's certification is located. <u>Id.</u> at Exhibits 6a, 6b, 7a, 7b, 8a, 8b, 9a, 9b.

## **SUMMARY OF THE ARGUMENT**

Mr. Gooch violated 11 U.S.C. § 110 as follows:

1) He did not sign and print his name and address on the documents prepared for filing, including the schedules, statement of financial affairs, the statement of intention and Official Form B210, all violations of 11 U.S.C. § 110(b)(1);

2) he did not provide the debtor with the requisite notice, Official Form 19B, required under 11 U.S.C. § 110(b)(2)(A);

3) he did not affix his social security number to the documents prepared for filing in the instant case, including the schedules, the statement of financial affairs, the statement of intention and Official Form B210, all violations of 11 U.S.C. § 110(c)(1); and,

4) he failed to file a declaration under penalty of perjury disclosing any fee received from the debtor in the 12 months immediately preceding the filing of the case, a violation of 11 U.S.C. § 110(h)(2).

Mr. Gooch's failure to comply with the provisions of 11 U.S.C. § 110 is grounds for the imposition of the maximum fines permitted by law.

In addition, documents prepared by Mr. Gooch were prepared in a manner to conceal his role in their preparation. Section 110(l)(2)(D) provides for treble fines where the Court determines a petition preparer prepares a document in a manner that fails to disclose the identity of that petition preparer. Treble fines are appropriate in the instant case, given the manner in which the documents for filing were prepared.

## POINTS AND AUTHORITIES

### I. Violations of 11 U.S.C. § 110:

11 U.S.C. § 110 provides in pertinent part:

**Penalty for persons who negligently or fraudulently prepare bankruptcy petitions**

 (a) In this section--

   (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and

   (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

 (b) (1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

   (2)(A) Before preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure.

    (B) The notice under subparagraph (A)—

```
                          *        *        *

                          (iii) shall-

                               (I) be signed by the debtor and, under
                               penalty of perjury, by the bankruptcy
                               petition preparer; and

                               (II) be filed with any document for
                               filing.

     (c)   (1) A bankruptcy petition preparer who prepares a
           document for filing shall place on the document, after
           the petition preparer's signature, an identifying
           number that identifies individuals who prepared the
           document.

           (2)(A) Subject to subparagraph (B), for purposes of
           this section, the identifying number of a bankruptcy
           petition preparer shall be the Social Security account
           number of each individual who prepared the document or
           assisted in its preparation.

     (h)   (2) A declaration under the penalty of perjury by the
           bankruptcy petition preparer shall be filed together
           with the petition, disclosing any fee received from or
           on behalf of the debtor within 12 months immediately
           prior to the filing of the case, and any unpaid fee
           charged to the debtor.

     (l)   (1) A bankruptcy petition preparer who fails to comply
           with any provision of subsection (b), (c), (d), (e),
           (f), (g), or (h) may be fined not more than $500 for
           each such failure.

           (2) The court shall triple the amount of a fine
           assessed under paragraph (1) in any case in which the
           court finds that a bankruptcy petition preparer-

                          *        *        *

                (D) prepared a document for filing in a manner
                that failed to disclose the identity of the
                bankruptcy petition preparer.
```

a. **Gordon Gooch is a petition preparer as that term is defined in 11 U.S.C. § 110(a).**

Mr. Gooch is a bankruptcy petition preparer as the term is defined under 11 U.S.C. § 110(a), in that, he is not an

attorney. A search of records of the State Bar of California reveal that Mr. Gordon Gooch is not licensed to practice law in California. Moreover, nowhere on the documents prepared for filing in the case does Mr. Gooch disclose that he is an employee of an attorney working under the direct supervision of such attorney. Lastly, statement of financial affairs, question 9, provides that Mr. Gooch prepared the "chapter 7 petition, schedules, declarations, mailing matrix, statement of financial affairs and appurtenant documents" and received $124.95 for said services.

     b.    **Mr. Gooch failed to sign and print his name and address on the documents prepared for filing in the case, in violation of 11 U.S.C. § 110(b)(1).**

Section 110(b)(1) of the Bankruptcy Code requires a petition preparer sign and print his name and address on each document prepared for filing. Mr. Gooch failed to sign and print his name and address on the schedules, statement of financial affairs, the statement of intention, and Official Form B210 filed in the instant case.

Mr. Gooch's failure to sign and print his name and address on each document, is a separate violation of 11 U.S.C. § 110(b)(1). The United States Trustee respectfully requests that the Court impose the maximum statutory fine of five hundred dollars ($500) for each violation (for a total of $2,000), as the Court deems appropriate.

    c.    **<u>Mr. Gooch failed to provide the debtor with a written disclosure (Official Form 19B), signed under penalty of perjury and filed with the documents filed in the case, in violation of 11 U.S.C. § 110(b)(2)(A).</u>**

Section 110(b)(2)(A) of the Bankruptcy Code requires a bankruptcy petition preparer to provide to the debtor a notice, on the official form prescribed by the Judicial Conference (Official Form 19B), disclosing certain information relating to what services said petition preparer may and may not provide. The disclosure must be executed by both the debtor and the petition preparer and filed with the Court.

Mr. Gooch failed to provide the debtor the written notice required under § 110(b)(2)(A). The debtor, in an e-mail response to the United States Trustee's inquiry stated that the debtor "filed all papers with the Court which Mr. Gooch sent [him]." The United States Trustee's review of all documents filed in the case reveals that Official Form 19B, or similar disclosure, is not filed nor is of record with the Court in the instant case. The United States Trustee respectfully requests that the Court impose the maximum statutory fine of five hundred dollars ($500), as the Court deems appropriate.

    d.    **<u>Mr. Gooch failed to affix his social security number to the documents prepared for filing, in a violation of 11 U.S.C. § 110(c)(1).</u>**

Section 110(c)(1) of the Bankruptcy Code requires a petition preparer to affix his social security number on any document prepared for filing. Mr. Gooch failed to place his Social

Security account number on the schedules, statement of financial affairs, statement of intention, and Official Form B201 filed in the instant case. The failure to affix his social security number to each document prepared for filing is a separate violation of 11 U.S.C. § 110(c)(1). The United States Trustee respectfully requests that the Court impose the maximum statutory fine of five hundred dollars ($500) for each violation (for a total of $2,000), as the Court deems appropriate.

    e.    **Mr. Gooch failed to file a declaration under penalty of perjury, disclosing any fee received from the debtor within 12 months immediately prior to the filing of the case, in violation of 11 U.S.C. § 110(h)(2).**

Section 110(h)(2) of the Bankruptcy Code requires a petition preparer to file a declaration under penalty of perjury, disclosing the compensation received from the debtor in the 12 months preceding the filing of the case. The debtor, in an e-mail response to the United States Trustee's inquiry stated that the debtor "filed all papers with the Court which Mr. Gooch sent [him]." The United States Trustee's review of all documents filed in the case reveals that no disclosure of compensation was filed nor is of record with the Court in the instant case. The United States Trustee respectfully requests that the Court impose the maximum statutory fine of five hundred dollars ($500), as the Court deems appropriate.

    f.    <u>**The preparation of documents for filing omitting the sections that provide for the disclosure of the name, address and social security number of the bankruptcy petition preparer is a violation of 11 U.S.C. § 110(l)(2)(D) warranting treble fines.**</u>

Section 110(l)(2)(D) of the Bankruptcy Code provides that where the Court finds that a petition preparer prepares a document in a manner that fails to disclose the identity of the bankruptcy petition preparer, the Court *shall* triple the amount of the fine assessed for violations of 11 U.S.C. § 110(b) through (h). Examination of the documents filed in the instant case reveal that the sections that provide for the identification and disclosure of the bankruptcy petition preparer, were omitted. Mr. Gooch's preparation of documents in this manner "failed to disclose the identity of the bankruptcy petition preparer." As such, the United States Trustee respectfully requests that the Court triple any fines imposed pursuant to this motion.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order imposing the maximum statutory fines in the amount of five thousand dollars ($5,000) upon Gordon L. Gooch, as the Court deems appropriate.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, the United States Trustee further requests that the Court find that the documents prepared for filing in the instant case were prepared in a manner that failed to disclose the identity of the bankruptcy petition preparer, and triple any assessed fines.

Respectfully Submitted,

STEVEN JAY KATZMAN
UNITED STATES TRUSTEE

Dated: June 6, 2006        BY: /s/ David A. Ortiz
                           David A. Ortiz
                           Attorney for the
                           United States Trustee